## Scalabrelli's Estate

*Earnest & Torchia*, for accountant.

*Wm. H. Dunbar* and *John B. Pearson*, for trustees ad litem.

*Louis F. McCabe*, for Alien Property Custodian.

RICHARDS, P. J., February 7, 1947.—Under date of July 6, 1943, this court approved the first and final account of the Hershey Trust Company, administrator of the estate of Demetrio Scalabrelli, deceased. The account showed a balance of $7,549.73. We awarded one third thereof, or $2,516.68, to Zoraide Scalabrelli, widow of decedent, and directed the accountant to hold the balance of $5,033.15 until it be determined who is entitled to receive the same. Since that time testimony has been taken and we are asked to award the balance to the proper persons.

The evidence shows that decedent came to this country from Italy in the year 1914 and remained here until his death in 1942. His domicile was in Hershey, Pa. Prior to coming to this country he had two ille-

gitimate children in Italy, their names being Ilario Munghetto Scalabrelli and Finisio Scalabrelli. In 1926 decedent executed an affidavit acknowledging these two sons to be his children and had said affidavit forwarded to the proper authorities in Italy. The effect of this acknowledgment in Italy was to legitimate these children.

Decedent married his wife Zoraide Scalabrelli in 1919 but there were no children born to this marriage. He was naturalized in 1936 or 1937. At the time of his death he was survived, in addition to the foregoing, by three children of a deceased brother, namely Santino Scalabrelli, Antonio Scalabrelli and Viviana Scalabrelli, all of whom appear to be living and of full age.

It seems to be well established that the status of legitimacy is created by the law of the domicile of the parent whose relationship to the child is in question: Thorn Estate, 353 Pa. 603, 611; A. L. I. Restatement of Conflict of Laws, §204. In 2 Beale on The Conflict of Laws 711, it is stated:

"The commoner method of legitimating a child after birth is by a statute which creates the legitimate relation as a result of the recognition or acknowledgment of the child. Such an acknowledgment can take effect only by the law of the domicil of the parent, and unless the parent with whom the legitimate relation is to be established is domiciled in a state which permits such an act, the legitimation is not accomplished. The parent is resident in the state which permits legitimation by recognition, though the mother and child are domiciled elsewhere, the legitimation is accomplished and should be recognized in every state. If the domicil of the father at the time of the act of recognition was in a state which did not legitimate, a later removal to a state which would have legitimated does not confer the status."

In Irving v. Ford, 179 Mass. 216, 67 N. E. 366, the Supreme Judicial Court of Massachusetts arrived at

the same conclusion. It cited with approval Minor on Conflict of Laws, §100, of which the following is an excerpt:

". . . the law of the *father's* domicil at the time of the legitimating act will be the proper law to determine the status of both parties. If by that law the act in question legitimates the bastard, the beneficial status thus created will in general be recognized everywhere, including the bastard's domicil, though by the law of the latter State the act would not suffice to create a legitimation. On the other hand, if by the law of the father's domicil legitimation is not the result of the act claimed to have that effect, though under the bastard's domiciliary law legitimation would result therefrom, the status of legitimation should not be conferred upon the bastard, . . ."

To these authorities may be added Pfeifer v. Wright, 41 F.(2d) 464, Richmond's Estate, 151 Wis. 633, 139 N. W. 435, Forney's Estate, 43 Nev. 227, 186 Pac. 678, and Miller v. Miller et al., 91 N. Y. 315. Although there may be some authority to the contrary, we consider this to be the general rule throughout the country.

There is no law in Pennsylvania providing that a father may legitimate children by mere acknowledgment. However, marriage of the parents of an illegitimate child may legitimate it; 48 PS §167; 20 PS §95. It follows that Ilario Munghetto Scalabrelli and Finisio Scalabrelli are not the legitimate sons of decedent and are not entitled to share in his estate under the Intestate Act of this Commonwealth. The effect is that decedent died survived by a spouse, and by two nephews and a niece, heretofore mentioned, who are entitled to the fund for distribution.

And now, to wit, February 7, 1947, the above schedule is hereby confirmed nisi, and in the absence of exceptions duly filed within 10 days herefrom, such confirmation shall be and become absolute, as of course.